UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>   v.<br><br>TIMOTHY J. MCGEE, et al.,<br><br>          Defendants. | C.A. No.<br><br>12-1296 |

**FINAL JUDGMENT AS TO DEFENDANT PAULO LAM**

The Securities and Exchange Commission having filed a Complaint and Defendant Paulo Lam having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $837,975, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $123,649, and a civil penalty in the amount of $251,392 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $1,213,016 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Paulo Lam as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is a incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: *March 14, 2012*

_____
UNITED STATES DISTRICT JUDGE

*Faxed to attached counsel.   3/14/12*
*U.S. Mail - W. McKown   3/15/12*

3

```
MODE = MEMORY TRANSMISSION           START=MAR-15 10:09    END=MAR-15 10:12

    FILE NO.=719

STN NO.  COMM.  ABBR NO.  STATION NAME/TEL NO.   PAGES    DURATION

 001     OK       ≛        2158642099           007/007   00:02:10
```

– JUDGE R. BARCLAY SURRICK –

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  –        – \*\*\*\*\* –                – \*\*\*\*\*\*\*\*\*\*

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
3614 UNITED STATES COURTHOUSE
INDEPENDENCE MALL WEST
SIXTH AND MARKET STREETS
PHILADELPHIA, PENNSYLVANIA 19106-1731

*Chambers of*
**R. BARCLAY SURRICK**
*United States District Judge*

(267) 299-7630

March 14, 2012

**To:** G. Jeffrey Boujoukos, Esquire
U.S. SECURITIES & EXCHANGE COMMISSION
701 Market street, Suite 2000
Philadelphia, Pennsylvania 19106
Email: boujoukosj@sec.gov
Fax: 215-597-2740

**John C. Grugan, Esquire**
BALLARD SPAHR, LLP
1735 Market Street
Philadelphia, Pennsylvania 19103
Fax: 215-864-9506

**Richard A. Levan, Esquire**
WIGGIN & DANA LLP
50 S. 16th Street., Suite 2925
Philadelphia, Pennsylvania 19102
Fax: 215-988-8344

**Marc Durant, Esquire**
DURAN & DURANT, LLP
325 Chestnut Street, Suite 116
Philadelphia, Pennsylvania 19106
Fax: 215-689-3996

**Creed C. Black, Jr., Esquire**
1700 Market Street
Suite 3025
Philadelphia, Pennsylvania 19103
Fax: 215-564-4048

**William F. McGovern, Esquire**
KOBRE & KIM, LLP
13/F Two Exchange Square
8 Connaught Place
Central, Hong Kong
011-852-2127-3288
(Via U.S. Mail)

**Robert E. Welsh, Jr., Esquire**
WELSH & RECKER
2000 Market Street
Suite 2903
Philadelphia, Pennsylvania 19103
Fax: 215-972-6436

**Re:** *SEC v. McGee, et al.*
Civil Action No. 12-1296

**Memo:** Orders (2) of the Court to follow.

**Via Fax:** Seven (7) pages transmitted to include this cover page.

```
       MODE = MEMORY TRANSMISSION          START=MAR-14 16:46    END=MAR-14 16:58

       FILE NO.=718

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES     DURATION

  001      OK        a        2155972740           007/007    00:00:55
  002      634       a        2158649506           000/007    00:00:00
  003      OK        a        2156893996           007/007    00:01:51
  004      OK        a        2159888344           007/007    00:02:15
  005      OK        a        2155644048           007/007    00:01:45
  006      OK        a        2159726436           007/007    00:01:00
```

– JUDGE R. BARCLAY SURRICK –

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
8614 UNITED STATES COURTHOUSE
INDEPENDENCE MALL WEST
SIXTH AND MARKET STREETS
PHILADELPHIA, PENNSYLVANIA 19106-1797

*Chambers of*
**R. BARCLAY SURRICK**
*United States District Judge*

(267) 299-7630

March 14, 2012

**To:**   G. Jeffrey Boujoukos, Esquire
U.S. SECURITIES & EXCHANGE COMMISSION
701 Market street, Suite 2000
Philadelphia, Pennsylvania 19106
Email: boujoukosj@sec.gov
Fax: 215-597-2740

**John C. Grugan, Esquire**
BALLARD SPAHR, LLP
1735 Market Street
Philadelphia, Pennsylvania 19103
Fax:   215-864-9506

**Richard A. Levan, Esquire**
WIGGIN & DANA LLP
50 S. 16th Street., Suite 2925
Philadelphia, Pennsylvania 19102
Fax:   215-988-8344

**Marc Durant, Esquire**
DURAN & DURANT, LLP
325 Chestnut Street, Suite 116
Philadelphia, Pennsylvania 19106
Fax:   215-689-3996

**Creed C. Black, Jr., Esquire**
1700 Market Street
Suite 3025
Philadelphia, Pennsylvania 19103
Fax:   215-564-4048

**William F. McGovern, Esquire**
KOBRE & KIM, LLP
13/F Two Exchange Square
8 Connaught Place
Central, Hong Kong
011-852-2127-3288
(Via U.S. Mail)

**Robert E. Welsh, Jr., Esquire**
WELSH & RECKER
2000 Market Street
Suite 2903
Philadelphia, Pennsylvania 19103
Fax:   215-972-6436

**Re:**   *SEC v. McGee, et al.*
*Civil Action No. 12-1296*

**Memo:** Orders (2) of the Court to follow.

**Via Fax:** Seven (7) pages transmitted to include this cover page.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

TIMOTHY J. MCGEE, et al.,

    Defendant.

C.A. No.

12-1296

## CONSENT OF DEFENDANT PAULO LAM

1. Defendant Paulo Lam ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

    (b) orders Defendant to pay disgorgement in the amount of $837,975, plus prejudgment interest thereon in the amount of $123,649; and

    (c) orders Defendant to pay a civil penalty in the amount of $251,392 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

3

while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 22nd Nov 2011

_____
Paulo Lam

On 22nd Nov , 2011, Paulo Lam , a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:
31st Dec 2011

KWOK KWUN YING
NOTARY PUBLIC, HONG KONG SAR
UNITS 1204-6, MAN YEE BUILDING,
68 DES VOEUX ROAD CENTRAL, HONG KONG

Approved as to form:

_____
William F. McGovern, Esq.
Kobre & Kim LLP
13th Floor, Two Exchange Square
8 Connaught Place
011-852-2127-3288
Attorney for Defendant